IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**ISMALIUS J. WHITE,**

        **Petitioner,**

**v.**

**JENNIFER SAAD,**

        **Respondent**.

**Civil No.: 2:18CV76**
**JUDGE BAILEY**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On August 3, 2018, the pro se Petitioner, Ismalius White ("White") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1. Because White did not complete the petition properly, on August 8, 2018, former United States Magistrate Judge Seibert issued a notice of deficient pleading and intent to strike the pleading and dismissed the action. ECF No. 4. On August 10, 2018, petitioner paid the $5 filing fee. ECF No. 6. On August 24, 2018, White refiled his petition as required by the notice issued on August 8, 2018. ECF No. 9. White is a federal inmate who is housed at FCI Gilmer and is challenging the validity of his sentence from the United States District Court for the Eastern District of North Carolina.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

---

[1] Unless otherwise noted, the information in this section is taken from White's criminal docket available on PACER and all ECF numbers are from that case.  See United States v. White, 4:06cr-68-1-FL.).  Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d

**A. Conviction and Sentence**

On October 11, 2006, the United States indicted White for four drug related crimes. ECF No. 1. On October 10, 2007, the United States filed a superseding indictment against White for six drug related crimes. ECF No. 84. Over the course of the next three years, during the pendency of his criminal matter, the district court appointed five attorneys to represent White because he fired the first four who were appointed.

On February 4, 2008, White pleaded guilty to one charge of conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 846. White entered his plea pursuant to a written Plea Agreement which contained a valid Wiggins waiver. United States v. Wiggins, 905 F.2d 51 (4th Cir. 1990). At the Rule 11 hearing, White admitted that he entered his guilty plea knowingly and voluntarily after full consultation with his counsel. ECF No. 150. The United States dismissed the remaining charges against White in exchange for his guilty plea to the one charge.

On March 2, 2009, the district court sentenced White to, among other things, 420 months incarceration. ECF No. 157. The court found that White's advisory guideline range was 360 months to life imprisonment based on a criminal history of VI and an offense level of 38. ECF No. 166 at 50-51, 65.

**B. Direct Appeal**

White appealed his conviction and sentence raising four issues, including a challenge to his sentence, ineffective assistance of counsel, prosecutorial misconduct,

---

1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").
.

and whether his guilty plea was knowing and voluntary. See United States v. White, 367 F. App'x 486, 487 (4th Cir. 2010). The Fourth Circuit held that White had waived the right to challenge a sentence, that the ineffective assistance claims were not ripe and were not supported by the record, that there was no prosecutorial misconduct apparent on the record, and that he knowingly and voluntarily entered his plea and had failed to show that, but for any errors he asserted, he would not have entered his plea. Id. at 487-88. Therefore, the court affirmed his conviction and sentence and dismissed in part those portions of his appeal subject to his appeal waiver. Id. On February 22, 2011, the Supreme Court denied White's petition for certiorari.

### C. Motion to Vacate under 28 U.S.C. § 2255

On May 19, 2011, White filed a motion to vacate, set aside, or correct his sentence under § 2255. White raised the following claims for relief: 1) that he received ineffective assistance of counsel during the plea process; 2) that he is "entitled to a sentencing reduction pursuant to recency in U.S.S.G. 4A1.1(c);" 3) that the "2-level increase for a dangerous weapon in the presentence investigation report is unconstitutional;" 4) that he "was not a leader or organizer so the Multiple level increase was imposed unconstitutionally;" 5) that he "is entitled to a sentencing reduction pursuant to the change in the crack cocaine/powder disparity;" and 6) that he received ineffective assistance in general due to the deficient representation in his criminal case. ECF No. 181. On July 24, 2012, the district court denied White's motion to vacate. ECF No. 199.

On March 4, 2013, White filed a notice of appeal. On June 5, 2013, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. ECF No. 219

### III. WHITE'S CLAIMS

3

In support of his § 2241 petition before this Court, White first challenges his gun enhancement and notes that he was not charged or convicted of either a 922(g) or 924(c) charge. He also alludes to a state case involving a .22 caliber revolver that was dismissed in or about 2005. Therefore, he maintains he was enhanced and punished by loss of his liberty for offenses he was never charged with or convicted of. He also alleges that he was enhanced with a bogus Leadership Roll. He maintains that at sentencing, it was clear to even a lay man that he was not in charge of his customers, and neither were they his employees. Moreover, he alleges he was never charged, indicted nor pled guilty to being a Leader, and therefore, he cannot be penalized for uncharged conduct. Finally, it appears that Petitioner alleges that he could not be convicted of a conspiracy because a conspiracy cannot exist with one person.[2]

## IV.     LEGAL STANDARDS

### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening White's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules

---

[2] The undersigned notes that White had a codefendant, Michael Midgette, who was also convicted of conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack) in violation of 21 U.S.C. § 846. He was sentenced to 120 months imprisonment. See 4:06cr68-FL-2 (Eastern District North Carolina).

4

Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, White's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, White clearly is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity

5

of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[3] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[4] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[4] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>.  <u>Id.</u>

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the <u>Jones</u> test (if challenging the legality of his conviction) or the <u>Wheeler</u> test (if challenging the legality of his

7

sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## V. ANALYSIS

Although Petitioner raises the savings clause, by referring to Wheeler, he is not entitled to its application. First, to the extent that White is challenging his conviction for conspiracy, even if he satisfied the first and third elements of Jones, the crimes for which he was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of Jones.

With respect to his challenge to his sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if White meets the first, second, and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[5]

---

[5] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither

8

undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [I]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because White was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because White cannot satisfy the savings clause of § 2255(e) under either Jones or Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

---

constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

White shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to White by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  July 2, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE