# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**ISMALIUS J. WHITE,**

    Petitioner,

v.

                        **CIVIL ACTION NO. 2:18-CV-76
(BAILEY)**

**JENNIFER SAAD,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 20]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on July 2, 2019, wherein he recommends the § 2241 petition be denied and dismissed without prejudice.

## I. BACKGROUND

The petitioner is a federal inmate incarcerated at FCI Gilmer in the Northern District of West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on August 3, 2018, pursuant to 28 U.S.C. § 2241, challenging the validity of his sentence. On March 2, 2009, petitioner was sentenced to 420 months imprisonment for violation of 21 U.S.C. § 846, conspiracy to distribute and possess with the intent to distribute more than

1

50 grams of cocaine base (crack).[1] According to the BOP website, petitioner is scheduled to be released on June 12, 2034.

In his memorandum of law in support of his § 2241 petition, petitioner argues, first, that his sentence was improperly calculated with a gun enhancement, because petitioner was not charged with a crime relating to gun possession. [Doc. 1-1 at 5]. Second, petitioner argues his sentence was improperly enhanced because of a bogus Leadership Role. *Id.* Finally, petitioner contends that his sentence should be vacated because a conspiracy cannot exist with one person. *Id.*

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir.

---

[1] Taken from White's criminal docket from the Eastern District of North Carolina, available on PACER. *See **United States v. White***, 4:06-cr-68-1-FL, Doc. 157.

2

1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. On July 18, 2019, the petitioner filed a motion for extension of time [Doc. 22]. This Court granted the motion and extended the deadline to file objections to September 5, 2019 [Doc. 23]. The petitioner timely filed his Objections to the Magistrate Judge's Report and Recommendation [Doc. 25] on September 3, 2019. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

3

(1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333–34).

The Fourth Circuit recently found that the savings clause may apply to certain sentencing challenges. It explained:

[W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *See Wheeler*, 886 F.3d at 423–26.

Here, the magistrate judge found that because petitioner "cannot satisfy the savings clause of § 2255(e) under either *Jones* or *Wheeler,* his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition." [Doc. 20 at 9]. In his objections to the R&R [Doc. 25], the petitioner raises two arguments. First, the

4

petitioner argues that the Magistrate Judge erred in his analysis of *Jones*. The petitioner asserts that "[p]etitioner's sentence was enhanced illegally." [Doc. 25 at 2]. Because this is a challenge to the legality of his sentence rather than his conviction, it is inapplicable to the magistrate judge's analysis of *Jones*. Accordingly, this objection is overruled.

Second, the petitioner argues that the Magistrate Judge erred in his analysis of *Wheeler*. The Magistrate Judge found that, "even if White meets the first, second, and third prongs of *Wheeler*, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect." [Doc. 20 at 8](citation omitted). The Magistrate Judge found that even if there was a misapplication of the sentencing guidelines in sentencing the petitioner, this would not satisfy the fourth prong of *Wheeler*. In his objections, the petitioner asserts that because of a change in the guidelines following the Fair Sentencing Act of 2010, his sentence under the updated guidelines would have been significantly (190 months) shorter. [Doc. 25 at 4]. The petitioner contends that this "significant reduction" qualifies as a fundamental defect. *Id*.

In short, this objection fails for the reasons already put forth by the Magistrate Judge. The only basis the petitioner puts forth for a fundamental error is the potential misapplication of the sentencing guidelines. As the Magistrate Judge already noted, because petitioner was sentenced under the post-*Booker*, advisory guidelines, "the law in this Circuit makes clear that he cannot satisfy the fourth *Wheeler* prong." [Doc. 20 at 9]. *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018). The mere fact that the petitioner contends he should have received a significantly shorter sentence does not

5

amount to a fundamental error. As already cited in the R&R, "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error." *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015). Accordingly, this objection is overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 20]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: September 16, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE